IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| P.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-284 (MTT) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the parties' Joint Stipulation for Resolution of Petition for EAJA Fees and Plaintiff's previously filed petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Doc. 28.  The Joint Stipulation indicates that Plaintiff has a net worth of less than Two Million Dollars ($2,000,000.00).  Further, Plaintiff has agreed to withdraw her EAJA fee petition pursuant to the parties' agreement and stipulation for an award under the EAJA.  The Court has thoroughly considered the Joint Stipulation and Petition.

**IT IS ORDERED** that Plaintiff is awarded attorney fees under the EAJA in the amount of $8,400.00 and an additional $22.10 in case expenses for a total payment of $8,422.10.  No further requests for fees or case expenses under the EAJA shall be filed in this case.

The Commissioner shall determine after entry of this order whether Plaintiff owes a debt to the government that is subject to 31 U.S.C. §§ 3711 and 3716, which allow for

the collection of a federal debt from the amount awarded to Plaintiff. If Plaintiff does owe a debt to the Government, the EAJA fee award will be applied toward such debt by the Treasury Department's Offset Program, *see Astrue v. Ratliff*, 560 U.S. 586, 596-97 (2010), and the Commissioner shall notify the Treasury Department that if any funds remain after the EAJA fee award is applied to his debt the Treasury Department should issue a check for the remaining funds made payable to Plaintiff and mail that check to Plaintiff's counsel.

If the Treasury Department determines that Plaintiff does not owe a Federal debt subject to setoff, the Commissioner may exercise its discretion to honor Plaintiff's pre-award attempt to assign EAJA fees and pay the awarded fees directly to Plaintiff's counsel or shall issue a check payable to Plaintiff and mail that check to Plaintiff's counsel.

Plaintiff has stipulated to withdraw the Petition for Attorney Fees (Doc. 28) and substitute the Joint Stipulation. Accordingly, it is **FURTHER ORDERED** that Plaintiff's EAJA fee petition and the Magistrate Judge's Recommendation on that petition (Docs. 28; 30) are denied as moot.

**SO ORDERED**, this 24th day of March, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT